# THE CITY OF CHICAGO

*v.*

# MARGARET POWERS, Administratrix.

1. CITIES—*power to provide lights for bridges.* A bridge over a stream which crosses a street, within the limits of a city, is a part of the street, and the city, having the power to levy a tax to defray the expense of lighting the streets, has also the power to furnish lights in its bridges.

2. SAME—*duty and liability of cities in that regard.* A city having the power to light its bridges at night, it is its duty, in the exercise of such power, to do so in such manner as will afford protection to those passing, against dangers which may be incident to the use of them.

3. So, in an action against the city of Chicago, to recover damages resulting from the death of a person who stepped off an approach to a bridge in the night, while the bridge was swinging round to enable a vessel to pass, and was drowned, it being alleged the accident happened by reason of the neglect

of the city to supply sufficient lights to enable persons to avoid such dangers, it was held to be the duty of the city to provide adequate lights in such bridges, and that it was liable for injuries resulting from a neglect of that duty.

4. EVIDENCE, *as to pecuniary condition of a party, with a view to the damages.* In such a case, where the plaintiff, who sued as administratrix of the person killed, was also the mother and next of kin, it is competent to prove the pecuniary condition of the plaintiff, as showing the extent of her dependence on the deceased for support, and its consequent effect on the amount of damages to be recovered.

5. SAME — *proof of previous accidents.* It is also competent, in such action, for the plaintiff to prove that another person had fallen through the same bridge, under similar circumstances, as tending to show that the city had notice that its agents were inattentive to their duties in respect to lighting the bridge, and the city had failed to provide against such neglect.

6. And a preamble and resolution, passed by the common council of the city, previous to the accident for which suit was brought, reciting, that, owing to insufficient lights and protection at the approaches of several bridges in the city, several accidents had happened, and appointing a committee to report a plan for preventing a recurrence thereof, are admissible in evidence; as also showing notice to the city authorities of the insufficient lights provided.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action on the case brought by Margaret Powers, as administratrix of Mary Powers, deceased, against the city of Chicago, to recover damages resulting from the death of the said Mary Powers, alleged to have been occasioned by the neglect of the city.

It is averred in the declaration, that the deceased left surviving and next of kin, only her mother, the plaintiff, and a brother seven years of age.

The circumstances attending the death of the intestate, upon which a recovery is sought, as well as so much of the evidence as presents the questions involved, are set forth in the opinion of the court.

Mr. S. A. IRVIN, for the appellant, upon the principal question involved in the case, contended that the city has no power to provide lights for the bridges within its limits, and therefore it is not liable for accidents which may happen on account of the absence of such lights.

Counsel contended that whatever the city does in the premises, is voluntary, not compulsory. It need not do any thing in that direction. It does not follow, therefore, because it undertook to do something, which, however feeble, did not, and could not increase any alleged or supposed danger, arising from want of sufficient lights, but which must necessarily have diminished any such real or imaginary danger, it is liable. In other words, not having any power to light the bridges, whatever it did to light them, will not make it liable, unless such action, on its part, increased or contributed to the danger.

Mr. JOHN LYLE KING, for the appellee.

It is claimed that the city has no power to light the bridges. It would be enough to say that it has undertaken to do so, and its voluntary undertakings must be well performed. *Ludlow* v. *The City of Yonkers*, 43 Barb. 493. But it has the power. A public bridge, in a street, is part of the street, — is the street. A bridge is as much a highway as the street, and those principles of the common law which relate to highways in general are applicable to bridges. Angell on Highways, § 40. It is no difference whether the structure is one to cover a ditch or to span a stream — if it is in the street, it is part of the street.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case brought by Margaret Powers, administratrix of Mary Powers, deceased, against the city of Chicago, in the Cook Circuit Court. The action was brought to recover damages claimed to have accrued from negligence of the city, which produced the death of intestate. It appears that the city, on the 18th of October, 1865, and prior thereto, maintained a bridge, with its appurtenances, across the Chicago river, connecting north and south Clark street; that the bridge is so constructed as to swing on its center, so as to permit the passage of vessels navigating the river; that on the night of the 18th day of October, 1865, deceased, in attempting to pass

over the bridge, while near the north approach, the bridge being on the swing, stepped or fell through the opening into the river and was drowned. It is claimed by appellee that the night was dark, and that the lights on the bridge, which had been furnished by appellant, were insufficient, and that in consequence thereof deceased came to her death by falling from the bridge and being drowned.

The question of negligence on the part of the city was fairly presented to the jury and they have found it against the city, and we are of the opinion that the evidence sustains the finding. But it is contended that it was not the duty of the city to provide lights for the bridge. It might perhaps be a sufficient answer to say, that the city regarded it a duty or they would not have undertaken its performance. But the charter authorizes the city to levy a tax for the purpose of defraying the expense of lighting the streets of the city. It seems to us to be obvious, that a bridge over a stream crossing a street, is a part of the street. It is as much so as the cover placed over a drain or a sewer, crossing a street. Persons travel over it as they do over other portions of a street, subject, it may be to any delay that may be occasioned in opening and closing a draw. It is in, and must be a part of, the street. It is under the control of the city and kept in repair and attended under the city authorities, and we have no doubt that it was as much their duty to light the bridge as any other portion of the street.

It is contended that the evidence fails to show that the lights were insufficient on the occasion of the death of intestate. On this question there was a considerable amount of evidence, and, as is usual in such cases, it was by no means harmonious. Different persons seemed to have received very different impressions at the time, of the extent and character of the lights on the bridge. But the instructions given to the jury left the question fairly to them, and they found they were insufficient, and we think the jury were warranted in their finding. And the same may be said as to the question whether deceased exercised at the time proper care and diligence. The jury have

found that she did, and we do not feel warranted in disturbing their finding.

It is also insisted that the court below erred, in admitting evidence of the pecuniary circumstances of appellee. It tended to show the extent of the loss which appellee had sustained. She may have been dependent on her daughter for her support, either altogether or only in part. If poor and dependent, she had suffered a greater pecuniary loss than if rich and independent. But, from the amount of the verdict, we do not see that this evidence could have produced much effect on their finding. It was but one-fifth of the sum they could have found under the statute. *Chicago & Rock Island R. R.* v. *Morris*, 26 Ill. 400.

It is insisted that the court erred in admitting evidence that another person had fallen through the same bridge. If this evidence was admissible for any purpose, then it was not error. The action was based upon the negligence of the city in failing to keep the bridge properly lighted. If another person had met with a similar fate, at the same place, and from a like cause, it would tend to show a knowledge on the part of the city, that there was inattention on the part of their agents having charge of the bridge, and that they had failed to provide further means for the protection of persons crossing on the bridge. As it tended to prove this fact, it was admissible; and, if appellants had desired to guard against its improper application by the jury, they should have asked an instruction limiting it to its legitimate purpose.

It is likewise insisted that the preamble and resolution of the common council, in reference to accidents which had occurred at the city bridges, was improperly admitted in evidence. The preamble recites the fact, that, owing to insufficient lights and protection at the approaches of several bridges across the Chicago river, several accidents had occurred, resulting in the injury or death of citizens, and it was resolved, that the matter be referred to the committee on harbors and bridges to examine and report the best method for protecting citizens against accidents of that character. This resolution

was adopted but a short time previous to this accident. It was evidence that the city authorities had notice of the insufficient lights and protection.

After carefully examining all the instructions in the case, we are unable to detect any error in giving those asked by appellee, or in modifying those given for appellant. They seem to have fairly presented the law applicable to the case, and we think did not mislead the jury in their finding. The judgment of the court below is affirmed.

*Judgment affirmed.*