INEZ L. PARKER

*v.*

THE CATHOLIC BISHOP OF CHICAGO *et al.*

*Filed at Ottawa June 19, 1893.*

1. MUNICIPAL CORPORATION—*powers in respect to streets and alleys—vacation.* A municipal corporation holds the streets and alleys of the city in trust for the general public, and, by the statute, is given power to vacate the same whenever the public interest or convenience, in the exercise of a reasonable discretion, shall seem to such authority to require it.

2. SAME—*power to vacate street.* It can make no difference, as to the power of a city to vacate a street or alley, whether the fee remains

in the city, reverts to the original dedicator, or passes by operation of law to the adjoining owners. Nor will the fact that the use of the alley or street passes to a private individual or corporation, necessarily render it an exercise of power for a private and not for a public purpose.

3. SAME—*liability for vacating street or alley.* A party, to maintain an action at law or in equity for the improper vacation or closing of a street or alley, must show that he received special injury or damages, differing in kind from those affecting the general public. This is the gist of the right of private action, and to give one complaining any standing, either in equity or at law, must be alleged and shown.

4. SAME—*damages for the vacation of street or alley.* Discretion is vested in the municipal authorities to determine, in the first instance, whether the property in the near vicinity of the street or alley will or will not be damaged by the proposed vacation or closing of the street or alley. If they find that the property will be specially damaged by the proposed vacation or closing, they should proceed to ascertain and pay the same, as was done in *Meyer* v. *Teutopolis*, 131 Ill. 552. If they find that no damage will result to the property by their proposed action, they may, by ordinance passed in conformity with the statute, vacate or close such street or alley.

5. It will be presumed that when property is damaged by the proposed vacation or closing of the streets or alleys of the city, its authorities will ascertain and pay the damages, as required by law; and this presumption will obtain until the property owner has, in an appropriate action, established his right to damages. And the property owner will, when no proceedings have been instituted by the municipality to ascertain his damages, be remitted to his remedy at law for recovery of the same.

6. The determination of the city authorities can not, however, be conclusive upon the property owner. He will be entitled to his day in court, to recover, in an appropriate action at law, all such special damages to his property, contradistinguished from damages he suffers in common with the public, as will be occasioned by the proposed vacation.

7. SAME—*ordinance vacating alley—bill to set aside.* A lot owner filed a bill seeking to set aside an ordinance vacating a certain alley, in which he alleged that the ordinance was passed in a batch of ten or more, without consideration by the council. It was not pretended that any such facts were shown by the record of the city council, or that the vacating ordinance did not receive a three-fourths majority of all the aldermen of the city, or that the vote on the passage of the ordinance was not by ayes and noes, and duly entered upon the records of the city; neither was it alleged or pretended that the records of the city council did not show the facts requisite to a valid passage of the

ordinance, or that the same was corruptly or fraudulently passed. The bill failed to show that the complainant received any special damages different from those to the general public: *Held*, that the bill was obnoxious to a general demurrer, and was properly dismissed.

8. EMINENT DOMAIN—*taking and damaging private property.* While private property can not be taken by public authority for private use, it may be taken or damaged for a public use upon payment of just compensation, to be ascertained by a jury in the mode provided by law.

9. SAME—*when payment of compensation and damages is a condition precedent.* Where no part of the land or property of the complaining owner is physically taken for or in making the proposed public improvement, and the damages claimed to result are consequential, only, the provision of the constitution relating to eminent domain does not require the ascertainment and payment of such damages as a condition precedent to the exercise of the right or power.

10. The damages referred to in the constitution are direct and physical damages, resulting from a taking of a portion of the land, and when no portion of the land is taken the damages suffered are consequential, and condemnation proceedings are not required to be instituted to ascertain the same. It is sufficient to answer the constitutional requirement, that a remedy is provided for the recovery of such damages by an action at law.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

John F. Starr, owning a tract of land bounded on the north by an eighteen foot alley, on the east by Oakley street, on the south by Washington street, and on the west by other land in the city of Chicago, November 4, 1858, subdivided said tract into fourteen lots, numbered from 1 to 14 inclusive, acknowledged a plat of said subdivision, and filed the same for record. By the plat, an alley was dedicated east and west through said tract south of lots 5, 6 and 7, and also an alley running from the last named alley north to the eighteen foot alley before mentioned, as shown in the accompanying plat,—the figures, other than the numbers of the lots, representing feet and fractions of a foot:

Statement of the case.

In July, 1890, the city council of the city of Chicago passed an ordinance vacating all that part of said east and west alley, through said tract, that lay east of the east line of said north and south alley, upon condition that the owners of property lying east of said north and south alley should acknowledge and record a plat dedicating six feet additional to said north and south alley, etc., which was done, making the said alley eighteen feet instead of twelve feet, as shown in the above plat, across said lot 5.

11—146 ILL.

Appellant filed her bill setting up the foregoing facts, and alleging that she was the owner of lot 8 and part of lot 9, fronting on Washington street and abutting on the west end of said alley, and that said catholic bishop was the owner of lots 10, 11, 12, 13, 14 and 5. The bill charges that sixty-four aldermen voted for said ordinance, and that no votes were recorded in the negative, but that said ordinance was not considered by a committee of the council or by the council, and was passed in a batch of ten or more ordinances, there being but one roll call for all of said ordinances; that the council did not deliberate on it or consider it, or know what they were doing when they voted therefor. It is further charged that the ordinance is void because it did not provide for ascertaining and paying damages to complainant's property. The bill sets forth the right to pass through said alley onto Oakley street, and alleges it to be a valid and valuable property right, constituting an easement in favor of her lots, and further alleges that appellee, the catholic bishop, has caused a pretended plat or subdivision of said premises to be acknowledged and filed for record, showing the said eastern portion of said alley closed up, and a widening of said north and south alley, as required by the ordinance. It is alleged that said change in the north and south alley is no benefit to the complainant or her premises, and does not compensate her for the loss of the use of the alley opening into Oakley street. It is also alleged that said catholic bishop has entered upon said alley, obstructing the same, and is threatening to build thereon, etc. The prayer is that the ordinance be declared void, and that the plat of said bishop be set aside and canceled as a cloud on complainant's easement in said alley; that he be required to remove the obstruction therein; that he be enjoined from closing up said alley, or interfering with complainant's right of passage through the same. General demurrers were filed and sustained and the bill dismissed, from which complainant appealed to the Appellate Court, where the decree was affirmed, and complainant prosecutes this further appeal.

Messrs. KERR & BARR,.for the appellant:

The city council had no power to pass the ordinance in question. It was passed in a batch of ten ordinances, on one roll call, and was for that reason void.

The bishop was estopped from closing the alley. *Earll* v. *Chicago*, 136 Ill. 277.

The city council had no power to relieve him from the obligations growing out of this estoppel. *Zearing* v. *Raber*, 74 Ill. 409 ; *Savings and Loan Ass.* v. *Topeka*, 20 Wall. 455.

An easement is property. 1 Washburn on Real Prop. 22, 542 ; 2 id. 22, 275 ; Dillon on Mun. Corp. sec. 587 b.

The legislature can not divest vested rights. *Jacksonville* v. *Railway Co.* 67 Ill. 540.

To set aside this right, growing out of contract, by legislative act, would be contrary to the constitution of the United States. *Dartmouth College case*, 4 Wheat. 518.

The legislature did not intend that the city council, in closing alleys, should injure private persons. *Helm* v. *Webster*, 85 Ill. 116 ; *St. John* v. *Quitzow*, 72 id. 334 ; *Gebhardt* v. *Reeves*, 75 id. 301.

The bill shows appellant will suffer special damage by the closing of the alley. *Chicago* v. *Building Ass.* 102 Ill. 379.

The legislature has provided a mode for the vacation of plats. Rev. Stat. chap. 109, secs. 6, 7.

All owners must concur, and the statute must be followed. *Leach* v. *Waugh*, 24 Ill. 228.

Messrs. SMITH & HARLAN, and Mr. JOHN MILLER, for the appellees:

It is not claimed that the catholic bishop could have closed up the alley independently of the ordinance vacating it. If that were the case here, the argument of estoppel growing out of a common source of title, and the case of *Earll* v. *Chicago*, cited by counsel, would have been in point. But inasmuch as no such claim is made, neither the argument, nor the case

cited in its support, bears upon this case.    In *Earl* v. *Chicago* there had been no ordinance vacating the street there involved, and which it had been attempted to close up.

The city of Chicago has power to vacate streets and alleys. Such power is expressly given to it and all other cities organized under the general law.  Rev. Stat. chap. 24, art. 5, sec. 1, clause 7.

The power has been frequently recognized in this and other States.    *Chicago* v. *Building Ass.* 102 Ill. 379; *Railroad Co.* v. *Belleville,* 122 id. 376; *Gebhardt* v. *Reeves,* 75 id. 301.

It is believed that the true rule, when no private property is taken, is, that even an individual specially damaged by an ordinance of a municipality can have no remedy by injunction, such as is here sought, if the ordinance complained of is within the power of the municipality to pass.    As has been sufficiently shown, the damages in such a case can only be obtained by an action at law to recover them.    *Chicago* v. *Building Ass.* 102 Ill. 379, can not fairly be cited as authority for the proposition that a bill of this nature will lie.    *Patterson* v. *Railroad Co.* 75 Ill. 588; *Hutton* v. *Railway Co.* 7 Hare, 26; *Lester* v. *Lobley,* 7 A. & E. 124; *Dunning* v. *Aurora,* 40 Ill. 481; *Schertz* v. *Railway Co.* 84 id. 135; *Truesdale* v. *Grape Sugar Co.* 101 id. 563; *Provision Co.* v. *Chicago,* 111 id. 660; *Railroad Co.* v. *Loeb,* 118 id. 216.

There is no legal right to compensation to adjoining owners for damages resulting from closing up one way or means of access to their lots if another is left open.    *Custer* v. *Albany,* 43 N. Y. 397; *Kellinger* v. *Railroad Co.* 50 id. 260; *Fearing* v. *Irwin,* 55 id. 486.

Mr. Justice Shope delivered the opinion of the Court:

It is urged as ground of reversal, that the facts alleged in the bill show that the city council was without power to vacate that portion of the alley, lying between lot 5 and lots 10, 11, 12, 13 and 14, as shown in the plat of Starr's subdivision,

and that, as a condition precedent to the vacation of the same, it was necessary that the damages to complainant's lots be ascertained and paid. The municipality holds the streets and alleys of the city in trust for the general public, and by the statute is given power to vacate the same whenever the public interest or convenience, in the exercise of a reasonable discretion, shall seem to such authority to require it. Rev. Stat. par. 7, sec. 1, art. 5, chap. 24.

The argument sought to be based upon the reversion of the fee of the street or alley to the dedicator or abutting lot owner is without force. It can make no difference, as to the power of the municipality, whether the fee remains in the city, reverts to the original dedicator, or passes by operation of law to the adjoining owners; nor will the fact that the use of the alley or street passes to a private individual or corporation necessarily render it an exercise of power for a private and not for a public purpose.

A question of more difficulty arises upon the second contention made. It is insisted and alleged in the bill, that the vacation of the alley deprived the complainant of a valuable property right, which she would otherwise enjoy as appurtenant to her lots, and that if said alley was vacated for a public use or purpose it damaged her property, and she was therefore entitled to compensation. While private property can not be taken by public authority for private use, it may be taken or damaged for a public use upon payment of just compensation to be ascertained by a jury in the mode prescribed by law. (Const. sec. 13, art. 2.) It seems to be well settled in this State, that where no part of the land or property of the complaining owner is physically taken for or in making the proposed public improvement, and the damages claimed to result are therefore consequential, only, this provision of the constitution does not require the ascertainment and payment of such damages as a condition precedent to the exercise of the right or power. *Stetson* v. *Chicago and Evanston Railroad Co.* 75

Ill. 76; *Patterson* v. *Chicago, Danville and Vincennes Railroad Co.* id. 588; *Schertz* v. *Peoria and Rock Island Railroad Co.* 84 id. 135; *Pennsylvania Mutual Life Ins. Co. et al.* v. *Heiss et al.* 141 id. 35.

It seems to be sufficient to answer the constitutional requirement, that a remedy is provided for the recovery of such damages. And the same construction was given in the *Stetson case, supra,* to the word "damaged," as employed in the act to provide for the exercise of eminent domain. It was there held, and which has been repeatedly since followed, that the damages there referred to were direct and physical, resulting from a taking of a portion of the land, and that where no portion of the land is taken the damages suffered are consequential, and that condemnation proceedings were not required to be instituted to ascertain the same.

It is, however, insisted, that although no portion of complainant's property was physically taken, by section 1 of chapter 145 of the Revised Statutes the city council was required to ascertain and pay to complainant the damages to her property resulting from the vacation of the alley, and not having done so, the ordinance is void. That section is as follows: "That no city council of any city, * * * whether incorporated by special act or under any general law, shall have power to vacate or close any street or alley, or any portion of the same, except upon a three-fourths majority of all the aldermen of the city * * * authorized by law to be elected, such vote to be taken by ayes and noes, and entered on the records of the council. * * * And when property is damaged by the vacation or closing of any street or alley, the same shall be ascertained and paid as provided by law."

It is urged that the latter clause requires, as a condition to the vacation or closing of a street or alley, that damages be ascertained and paid. It can not be, however, that the legislature intended that in all cases there should be a judicial determination as to whether all the property lying adjacent

to, or that might in a remote degree be affected by the closing of, the street or alley, was damaged or not. It is only "when property is damaged by the vacation or closing of any street or alley," that the same is to be ascertained as provided by law. It is apparent, we think, that discretion is vested in the municipal authorities to determine, in the first instance, whether property will or will not be damaged by the proposed vacation or closing of the street or alley. If they, in the exercise of a reasonable discretion, find that property will be specially damaged by the proposed vacation or closing, they should proceed to ascertain and pay the same, as was done in *Meyer* v. *Teutopolis,* 131 Ill. 552. If, on the other hand, they determine that no injury will inure to the property by their proposed action, they may, by ordinance passed in conformity with the statute, vacate or close such street or alley. Any other construction of the statute would require the municipality to summon into court every person whose property, however remotely, might be injured by the proposed vacation, and would render the ordinance void, if the contention of appellant be correct, if it should afterward turn out that a single owner whose property had been damaged had been omitted. The presumption is, that the city council, being clothed with governmental functions, will discharge its duty as required by law, and that where property is damaged by the proposed vacation or closing of any of the streets or alleys of the city, they will ascertain and pay the damages as required,—and this presumption will obtain until the property owner has, in an appropriate action, established his right to damages, and the property owner will, where no proceedings have been instituted by the municipality to ascertain his damages, be remitted to his remedy at law for recovery of the same. The determination of the city authorities can not, however, be conclusive upon the property owner. He will be entitled to his day in court, to recover, in an appropriate action at law, all such special damages to his property, as contradistinguished from damages he suffers in

common with the public, as will be occasioned by the proposed vacation. *Chicago* v. *Union Building Ass.* 102 Ill. 379; *East St. Louis* v. *O'Flynn*, 119 id. 200, and cases *supra; Rigney* v. *Chicago*, 102 id. 64; *McDonald* v. *English*, 85 id. 236.

Moreover, while the bill alleges that the complainant had an easement in the alley vacated, there are no allegations showing special damages or injury peculiar to her lots, or that are, in kind, different from those sustained by the general public. Such special injury, or damages differing in kind from those affecting the general public are the gist of the right of private action, and, to give the complainant any standing, either in equity or at law, must be alleged and shown. It is apparent, we think, taking the allegations of the bill as true, as must be done, the damages resulting to complainant are of the same kind as those sustained by the general public, and differ only in degree, as the convenience afforded by use of the alley would be greater or less to her than to others of the general public. (*McDonald* v. *English, supra; East St. Louis* v. *O'Flynn, supra; Chicago* v. *Union Building Ass. supra*, and cases cited on page 393.) Complainant is not deprived of access to the rear of her lots, but is inconvenienced, doubtless, by having to go a few feet further to gain access thereto from the adjacent street. But, as said in the *O'Flynn case, supra*, that "is the 'same kind' of damage that will be sustained by all other persons in the city that might have occasion to go that way, and although the inconvenience he may suffer may be greater in degree than to any other person, that fact would not give him a right of action." It may be that special damages have been sustained, not alleged. If so, the complainant may recover in the appropriate form of action.

It is also insisted that the demurrer was improperly sustained, because, it is alleged in the bill, the ordinance vacating said alley was passed in a batch of ten or more, and without consideration by the council. It is not pretended that any such facts are shown by the record of the city council, or that

the vacating ordinance did not receive a "three-fourths major-
ity of all the aldermen of the city" authorized by law to be
elected, or that said vote was not taken by ayes and noes,
and duly entered upon the records of the city council, as re-
quired by the section of the statute before quoted. It is not
necessary to determine whether the record might be attacked
for fraud, and it be shown that the ordinance was not, in
fact, legally passed. It is not alleged or pretended that the
record of the city council does not show the facts requisite to
a valid passage of the ordinance, or that the same was cor-
ruptly or fraudulently made.

We are of opinion that the decree dismissing the bill was
properly entered, and the judgment of the Appellate Court
should be affirmed.                           *Judgment affirmed.*