BURR, THOMAS and CARR, JJ., concurred; JENKS, P. J., taking no part.

Orders reversed, with ten dollars costs and disbursements, and plaintiff's motions granted, with ten dollars costs, with leave to the defendants within twenty days to serve amended answers separating affirmative allegations from denials.

In the Matter of the Application of GERTRUDE L. HOYT for a Peremptory Writ of Mandamus Directed to ARCHIBALD R. WATSON, as Corporation Counsel of the City of New York, Commanding and Enjoining Him to Institute Proceedings to Ascertain the Compensation Due the Said GERTRUDE L. HOYT under Chapter 1006 of the Laws of 1895, by Reason of the Closing and Discontinuing Attorney Street from a Point about 61 Feet Southerly from the Center Line of Delancey Street Bridge to a Point 122 Feet Northerly Therefrom, etc.

GERTRUDE L. HOYT, Appellant; THE CITY OF NEW YORK, Respondent.

First Department, May 15, 1914.

Municipal corporations — street closing, city of New York — erection of retaining walls so as to form cul de sac — when damage to property owners should be ascertained.

Where a lawful public highway, passing under a bridge erected on a cross street in the city of New York, is subsequently closed by the erection of retaining walls for the entire width of the bridge, so that a *cul de sac* is formed, a person owning property abutting on the *cul de sac* is entitled to have her damages ascertained. This is so, although a new cross

street was opened between said premises and the cross street on which the bridge was built, if the new street did not vest in the city as a street held in trust for the people under section 990 of the charter, but became bridge property within the jurisdiction of the department of bridges. Under such circumstances, whatever easements the abutting property owner may have in the new street, she holds by sufferance, not by right.

*It seems,* that the owner of property situated in a block on an ancient public street is entitled to have access from both ends of the block.

APPEAL by the plaintiff, Gertrude L. Hoyt, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of November, 1913, denying her application.

*George E. Baldwin* of counsel [*Truman H.* and *George E. Baldwin,* attorneys], for the appellant.

*John J. Kearney* of counsel [*Joel J. Squier* with him on the brief], *Frank L. Polk, Corporation Counsel,* for the respondent.

CLARKE, J.:

The premises of the petitioner are situated on the east side of Attorney street between Broome and Delancey streets. Attorney street between Broome and Delancey has been for upwards of a century a lawful public highway extending from Division street to Houston street, actually open and in public use. For some time after the construction of the Delancey Street Bridge Attorney street continued unobstructed under the bridge until the city closed, discontinued and abandoned, by proceedings duly instituted for that purpose, that part of the street in the block between Broome and Delancey where it so passed beneath the bridge. Said closing took effect on July 16, 1908. The resolution closed and discontinued a portion of Attorney street beginning at a point distant 61 feet southerly from the center line of the bridge and thence northerly to a point distant 122 feet. The city thereupon erected a retaining wall across the entire width of the street. The petitioner alleges that access to and from her property from the north and the easements of access, light and air, formerly possessed by her therein, became extinguished; and the street in front of her premises became a

*cul de sac,* with access from and to the south only, and thereby the value of her said property became greatly depreciated to her damage of at least $25,000; that she duly filed with the comptroller, under the provisions of section 5 of chapter 1006 of the Laws of 1895, a claim for damages and a demand that proceedings be instituted for the ascertainment and determination thereof; that the comptroller refused to make an adjustment or payment or to accede to said demand and the corporation counsel has failed to make application for the appointment of commissioners to ascertain and determine the compensation to which she is entitled; wherefore she prays for the issuance of a peremptory writ of mandamus directing him to so apply.

The city avers that between the northerly line of the premises of petitioner and the southerly line of the bridge structure there is a street twenty feet in width extending through the block from Attorney street to Ridge street; that said twenty-foot street extended from Clinton street, which is one block west of Attorney street along the bridge structure several blocks eastwardly; that this twenty-foot street was paved and the sidewalks laid and that the work was accepted by the department of highways on December 1, 1908; that the said twenty-foot street is in general use by the public for pedestrians and vehicular traffic; that the distance along said street from Attorney street to Ridge street is two hundred feet and from Attorney street to Clinton street also two hundred feet; that the premises of the petitioner are improved with two five-story brick tenements and a two-story brick building in the rear, access to the latter improvement being obtained from the twenty-foot street; that from the records of the board of assessors it appears that petitioner applied to the said board pursuant to the provisions of chapter 460 of the Laws of 1904 for an award for damages alleged to have been sustained by her premises by reason of the change of grade in Delancey street, incident to the construction of the East River or Williamsburgh Bridge, and said board awarded her $2,250 for said change in grade of Delancey street.

Petitioner's replying affidavit sets up that the twenty-foot street referred to is known by the bridge department as a " south clearance roadway," and was acquired by the city of

New York pursuant to chapter 21 of the Greater New York charter, in a proceeding relative to acquiring title to lands as a site for the construction and permanent location of a bridge over the East river, and that upon the confirmation of the report in said proceedings the city became seized in fee simple absolute of the lands included in said report, the same to be held, appropriated, converted and used to and for the purposes for which the said proceedings were instituted; that this "south clearance roadway," therefore, was acquired in fee by the city for bridge purposes and is under the care, management and control of the commissioner of bridges; that said roadway is maintained only at the sufferance of said commissioner of bridges and petitioner has no easements of light, air or access therein, nor can she require the same to be maintained as a street. She admits the award for the change of grade of Attorney street, but alleges that said award was made for change of grade only and not for the closing of Attorney street.

In denying her application the learned Special Term said: "In my opinion chapter 1006 of the Laws of 1895 contemplated a remedy to the abutting owner only where actionable damage was sustained. The petitioner's property did not abut upon the part of the street closed and right of access by way of Broome street has not been impaired. Therefore any damage suffered was *damnum absque injuria*. In the absence of controlling authority in this State, I think the considerations of public policy which support the doctrine applied in Massachusetts should be adopted in the construction of the present statute." (Citing cases.)

While no portion of the petitioner's property abuts on the portion of Attorney street which has been closed, yet the street has not been kept open upon the whole block upon which her property was situated. It is true there has been constructed immediately adjacent to her property a twenty-foot street, giving her a corner lot and access to her rear tenements from said new street, but I think it clear that she has no absolute rights to the maintenance and continuance of this street. In street opening proceedings, section 990 of the Greater New York charter provides: "The title acquired by the city of New York to lands and premises required for a

street shall be in trust, that the same be appropriated and kept open for or as part of a public street forever in like manner as the other streets in the city are and of right ought to be." (See Laws of 1901, chap. 466, § 990, as amd. by Laws of 1906, chap. 658; since amd. by Laws of 1913, chap. 142.) But this property was condemned by the city, and it acquired title in fee for bridge purposes. It is within the jurisdiction of the department of bridges. In its discretion, and to accommodate the necessities of the city, it might be at any time appropriated and converted to bridge purposes in such a manner as to deprive her of any easements of light, air or access therein without a further right of compensation to her. Such easements as she now has, therefore, therein she holds by sufferance and not by right. In *People ex rel. Winthrop* v. *Delany* (120 App. Div. 801; affd., *sub nom. People ex rel. Winthrop* v. *Pendleton*, 192 N. Y. 533) the petitioner owned property on Depew place opposite a strip on said street thirty-five feet in length and twelve feet in depth, which had been closed in proper proceedings incident to the construction of the new terminal and the changing and enlargement of the Grand Central Station. Upon an application for a peremptory writ of mandamus directing the corporation counsel to institute proceedings for the appointment of commissioners to ascertain damage done to said property this court said: "Under the street closing act of 1895, cited *supra*, a right is given to the owners of property to receive compensation where lands, tenements, hereditaments and premises or rights or interests therein are taken, affected or damaged by the discontinuance or closing of any street or part thereof. A part of the street upon which the appellant's property abuts has been discontinued and closed. * * * The moment it is conceded that for such deprivation of the street as existing, the property owner would be entitled to have proceedings instituted to ascertain the compensation to which he was entitled, it seems clear that he is in a position to ask the aid of the court to compel the corporation counsel to perform the duty imposed upon him by law of instituting the necessary proceedings to obtain the necessary appointment of the commissioners. It is no answer that the strip taken is narrow and the damage inflicted small. The question

First Department, May, 1914.　　　　　[Vol. 162.

of the amount of damage and the compensation therefor is to be determined in the first instance by the commissioners to be appointed and not by the court."

In *Reis* v. *City of New York* (188 N. Y. 58), where the city had closed a portion of Hawthorne street in the city of Brooklyn and erected a hospital thereon and a property owner instituted an action in equity to restrain the continuance, maintenance and further erection of such obstruction, the court said: "It is to be noted that none of the property of the plaintiff abuts upon that part of Hawthorne street which it is proposed to close. * * * It is not intended to close any portion of Hawthorne street upon which any of her property abuts or any portion thereof which is opposite a block in which she owns property. * * * In *Matter of Twenty-ninth Street* (1 Hill, 189), the grantor had sold lots and bounded the purchasers by Twenty-ninth street as it was laid down on the city map of New York. 'He could have intended nothing less by his deeds,' said BRONSON, J., 'than a declaration that Twenty-ninth street was, and, so far as he was concerned, should remain a public highway. I do not say that this dedication will extend to all his lands in the site of the street, however remote from the lots sold; but it will, I think, extend to all his lands in the same block, or, in other words, to the next cross street or avenue on each side of the lots sold. The parties must have contemplated an outlet both ways.' I think the private easement of the plaintiff in the present case extended no further. She was entitled, in the first place, to have that part of Hawthorne street kept open upon which her own property abutted. * * * Inasmuch as Hawthorne street remains wholly open in front of those blocks upon which plaintiff's property is situated and opens into cross streets at both ends of each block * * * I am of opinion that the plaintiff has not been deprived of any private easement * * *."

It would seem that property situated on a block upon an ancient public street is entitled to have access from each end of that block. As the street has not only been discontinued for a portion of the very block upon which the petitioner's property is located, but has been permanently and physically obstructed by the wall erected a few feet to the north of her property and

in said block, I am of the opinion that she has presented a case within the provisions of the Street Closing Act (*supra*), and that she is entitled to present her claim for damages to commissioners to be appointed, as provided by said act. This court, of course, does not at the present time pass upon the extent or the existence of any actual damage. The question is, has she established a legal right to have her claim litigated before a lawful tribunal? We think she has, and that for the reasons stated in *People ex rel. Winthrop* v. *Delany* (*supra*) the writ prayed for should have been allowed.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements to the appellant, and the motion granted, with fifty dollars costs.

INGRAHAM, P. J., SCOTT, DOWLING and HOTCHKISS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with fifty dollars costs.