Matter of WILLIAM AND NORTH WILLIAM STREETS.

(Supreme Court, New York Special Term, April, 1918.)

Condemnation proceedings — motion to confirm report of commissioners in, granted — city of New York — awards — evidence — damages.

Where, upon motion to confirm the report of commissioners in condemnation proceedings, it appears that the same map on which the closing of portions of two certain streets in the city of New York was shown provided for the opening of a new street alongside the Brooklyn bridge connecting the unclosed portions of said streets, and that practically the only beneficial effect of the new street is to enable vehicles entering either street from the north to return in the same direction by going around the block instead of by turning about and returning along the same street on which it entered, it might seem unjust to compel the owners of property north of the bridge to pay for the slight benefit accruing from the opening of the new street and not permit them to recover damages for the material injury occasioned by the closing of the old street, yet where the commissioners made merely nominal awards where the properties are so situated that they have convenient access to other streets running in both directions and award large and substantial damages where the properties are so situated that access to and from the south is inconvenient, their report will be confirmed, it not appearing that the commissioners have proceeded upon an erroneous theory or that their awards are inconsistent with the evidence or legally excessive or unequal.

MOTION to confirm the report of commissioners in condemnation proceedings.

Lamar Hardy, Corporation Counsel, John J. Kearney, Assistant Corporation Counsel, for city.

Deering & Deering, Truman H. & George E. Baldwin, Edward W. Murphy, Skinner & Bermant and John A. Bolles, for property owners.

Supreme Court, April, 1918. [Vol. 103.

Lehman, J. The city of New York has taken the necessary legal steps to close portions of William and North William streets and to lay out a new street to be acquired from William and North William streets adjacent to the Brooklyn bridge. Thereafter an order was entered appointing commissioners to ascertain the damages by reason of the closing of William and North William streets. These commissioners have now rendered their report and a motion has been made to confirm their award of damages. The confirmation of this report is opposed by the city of New York on the ground that as a matter of law the owners of damaged parcels north of Brooklyn bridge have suffered no actionable damages and also on the ground that the awards made by the commissioners are grossly excessive, based on an erroneous theory and unequal. Some of the owners of damage parcels also oppose the confirmation of the report on the ground that as to them the award is inadequate and unequal.

The closing of the portions of William and North William streets and the opening of the " Unnamed street " formed part of a general scheme of improvement. Prior to that time North William street and William street were legally opened streets which were carried through tunnels under the Brooklyn bridge and afforded access for pedestrians and vehicles, both at the north and south ends to and from the city's system of streets. The map filed by the city closed the portion of the streets within the limits of Brooklyn bridge. By the closing of this portion of the streets the continuation of these streets within the damage area, south of Brooklyn bridge, becomes only a *cul de sac* with no access for vehicles, to and from the north. In *Matter of Hoyt,* 162 App. Div. 469; affd., 213 N. Y. 651, the court decided that, " property situated on a block upon an ancient public street is entitled to have

access from each end of that block '' and that conse-
quently, where the city closes up a portion of a street,
shutting off access from one end of the block, owners
of property abutting on the portion of the block which
is left open are entitled to recover the amount of
damages actually suffered by the destruction of the
opportunity for access to their property from the end
closed off. There can be no doubt therefore that the
owners of damage parcels south of the bridge would
have suffered damages which the law recognizes and
the city does not dispute their right to an award.

The serious question of law involved in this motion
concerns the lands north of the bridge. The same map
on which the closing of the streets was shown provided
for the opening of a new street alongside of the bridge
connecting the unclosed portions of William and
North William streets. The city claims that access
through this new street from the south to all property
along the unclosed portion of the old streets is substi-
tuted for the access formerly afforded by the con-
tinuation of these streets and that any damage suf-
fered is *damnum absque injuria* for which the law
affords no relief. As a matter of fact, however, this
new street is only a connecting link between the two
old streets. It affords no access to either street for
vehicles approaching from the south and practically
its only beneficial effect is to enable vehicles entering
either street from the north to return to the north by
going around the block instead of by turning about
and returning along the same street on which it entered.
For this benefit an assessment has been levied on
the area presumed to be benefited thereby and it would
seem most unjust to hold that the owners of these prop-
erties should be compelled to pay for the slight
benefit accruing from the opening of the new street
and not be permitted to recover damages for the

material injury occasioned by the closing of the old street. The motion must, however, be decided on legal principles and not in accordance with the court's ideas of abstract justice and the city maintains that under the authority of *Matter of Joiner Street (City of Rochester)*, 177 App. Div. 361, the owners are without remedy. Prior to that decision the courts of this state had decided that an abutting owner had no easement, private or public, in the bed of the street beyond the next cross street or avenue on each side of the lot owned by him. The easement to that extent was founded on the fact that by the dedication of a street: " ' The parties must have contemplated an outlet both ways.' " *Reis* v. *City of New York*, 188 N. Y. 58; *Matter of Twenty-ninth Street*, 1 Hill, 189. The courts have also held, as stated above, that the owners of land abutting upon an ancient public street are entitled to this right of access from both ends of the block (*Matter of Hoyt, supra*), though in that case there was apparently no evidence of a private easement by grant. In the *Matter of Joiner Street, supra*, the court limited the rule in accordance with the reasons upon which it is founded and held that the easement does not extend to the cross streets at each end of the block as it originally existed but the public authorities may close off the bed of the street within part of that block without compensation to owners of land abutting on the part of the street left open, provided they substitute a new cross street in place of the cross street to and from which direct access is shut off. In other words the court in that case held that the easement of an abutting owner is limited to access along the street from both directions and where such access is maintained no easement has been destroyed. It seems, however, evident that the court contemplated that the access afforded by the opening of the new

cross street must be substantial access from that direction. In fact though the court in that case was discussing easements by grant, it stated: " We think the rule of reason should limit this right to reasonable means of communication between the lots and the public streets, *each case involving the question to be determined in view of its own peculiar elements* " (italics are mine).

In the case there under consideration the new cross street extended both east and west and intersected on both side streets going north and south. The new cross street therefore gave substantial access in that direction to the general system of city streets. In the present case the new cross street is only one hundred feet long and merely connects two streets, neither of which has any access to or from the south. The additional access therefore afforded by the new street is not in any way substantial and in effect the lots abutting on the ancient streets are still without access from the south. The courts must look to the substance and not to the form and if the abutting owners have had an easement of access to their lots to and from the south then, in substance, this easement has been destroyed in spite of the opening of the streets and for the destruction of this easement the owners are entitled to fair compensation.

The record of the hearings before the commissioners is voluminous and the commissioners have apparently given careful consideration to the testimony of the experts produced by all parties and their findings of damages are consistent with the testimony given, although they have not accepted in whole the testimony of the experts for either side. It may be that the court would not have reached exactly the same conclusions and that it would have given greater or less weight to certain elements in the situation than the

commissioners have apparently given to these same elements as indicated by their opinion. Nevertheless I cannot find that the commissioners have proceeded on an erroneous theory or that their awards are inconsistent with the evidence or legally excessive or unequal. The report shows that the awards are merely nominal where the properties are so situated that they have convenient access to other streets running in both directions and that the damages are large and substantial where the properties are so situated that access to and from the south is inconvenient. It follows that the motion to confirm the report should be granted.

Motion granted.