MORELITE SERVICE STATIONS, INC., and MARTIN ZOLINSKY, Doing Business under the Firm Name and Style of HYZOL SALES COMPANY, Respondents, v. ALBERT GOLDMAN, as Commissioner of Plant and Structures of the City of New York, and GROVER A. WHALEN, as Police Commissioner of the City of New York, Appellants.— Judgment reversed on the law and the facts, with costs, and the complaint dismissed, with costs. The roadway on the bridge approach called " New Street " is not a legally established street. It has never been laid out as a public street. It is a mere traffic lane on bridge lands. The plaintiffs as abutters on bridge lands have no easement of light, air or access, as a matter of law. Their land does not abut upon a public street. The privileges obtained or enjoyed in this respect, if any, are only such as may be reasonably and lawfully accorded to them by the commissioner of plant and structures, under his regulatory powers respecting the uses to which bridge approaches and bridge lands may be put. (*Matter of City of New York*, 174 N. Y. 26, 35; *Matter of City of New York [Ely Ave.]*, 217 id. 45, 56; *Matter of Hoyt*, 162 App. Div. 469; affd., 213 N. Y. 651; *Matter of Corporation Counsel [Attorney St.]*, 186 App. Div. 669; *Matter of Mayor, etc., of New York*, 186 N. Y. 237.) This application of well-settled law achieves a just result. When the parcels of property were taken in condemnation as and for bridge lands, of which parcels plaintiffs' small plot was once a part, consequential damages were awarded to the then owners of the small untaken parts in such sums that the then owners were compensated in full for the deprivation of the easements of light, air and access to the strips then remaining and which now make up plain-

tiffs' plot. The compensation was in such amounts, as a comparison with the adjoining parcels reveals, that the entire value of each parcel, including the fragments not taken, was awarded to the then owners. In other words, the awards for consequential damage were of amounts that reveal that the fragments, when thus deprived of the easements which were then compensated for, had merely a nominal value and were so treated. Hence, no basis exists for asserting that the enjoyment of anything equivalent to that compensated for, to wit, the easements of light, air and access, was implicit in the fragments or in the manner of taking, in the event that roadways or paths on bridge lands or bridge approaches were laid out. If excess condemnation had been available at the time the original taking was had, the two fragments making up plaintiffs' strip could and would have been taken in fee without any greater or added compensation to the then owners than was given to them. To reason otherwise would present the anomaly of a property owner, after having been compensated for property rights — certain easements — being later allowed the benefit, as of right, of those identical property rights for which he or his predecessor had already been compensated, without assessment for benefit as an incident to appropriate proceedings. If, wisely or unwisely, such proceedings (street opening) were had, the assessment, including the *pro rata* share of the expenses thereof, in view of the surrounding conditions, would be greater than the value of this small strip even with the enjoyment of the easements of light, air and access restored as of right. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings should be made in accordance herewith. Lazansky, P. J., Kapper, Hagarty and Carswell, JJ., concur; Davis, J., dissents, with the following memorandum: When certain lands were taken by the bridge commissioners for the New East River Bridge and its approaches, leaving the small portion of lands unappropriated, now owned and leased by the plaintiffs respectively, it was implicit that if ways or streets were laid out, the owner and occupant of the strip of land should have some sort of access to the property. Such access would necessarily be limited by public convenience. Subsequent to condemnation the property has become vested in control in the commissioner of plant and structures of the city of New York. The way or approach known as " New Street " is not a part of the structural approach of the bridge. It is a public way furnished by the city or some subordinate department to enable travelers to leave the structural part of the bridge and go on their different ways. Obviously, too, the way is open for vehicles and pedestrians to go along this so-called New street to reach property abutting thereon. A bridge and its approaches, generally speaking, are part of a highway. (Highway Law, §§ 250-a, 320-b, subd. 13; *Robia Holmng Corp.* v. *Walker*, 257 N. Y. 431, 438; *Lehigh Valley R. R. Co.* v. *Canal Board*, 204 id. 471, 477; *Weis* v. *Long Island R. R. Co.*, *ante*, p. 253, decided April 15, 1932; *Macrum* v. *Hawkins*, *ante*, p. 370, decided May 3, 1932; *Matter of City of New York [Park Lane South]*, 206 App. Div. 269; *City of Chicago* v. *Powers*, 42 Ill. 169, 172; *City of Chicago* v. *McGinn*, 51 id. 266, 272; *Bank of Idaho* v. *Malheur Co.*, 30 Oreg. 420.) This bridge, by the statute providing

for its erection, was declared to be a highway; and the right to use it as such is common to the public. In this case the way has every appearance of a street and is so used. It is paved and there is a sidewalk. The lands of the plaintiff and those of others are taxed, as abutting on this street, by one department of the city. They would have no value without access. Permission has been granted by the proper authorities to erect a building on the property and to equip a " gas station " thereon at considerable expense. A way is permitted and facilitated by the city of access to the adjoining property on this same street which defendants now claim is no street or way at all. There are other buildings using this street as a means of access. Very likely the doctrine of estoppel may not be invoked against the city, but the foregoing facts show a dedication, at least temporarily, in some manner to the public use for travel, and a practical construction by the officers of the city as to the rights accruing to the owners of property abutting on this New street. Whatever the purposes of the original condemnation of the land, the uses now made of it indicate a right of public travel and of incidental access to property over a public way. These rights, as I have said, may be limited in view of possible inconvenience to those seeking egress from the bridge, by way of blocking or interfering with traffic. It does not appear in this record that such condition has arisen. If plaintiffs' business as conducted constitutes a nuisance, it may be abated. (*Matter of Kahabka* v. *Schwab*, 205 App. Div. 368; affd., 236 N. Y. 595; see also *Matter of McCoy* v. *Apgar*, 241 id. 71, 80.) Doubtless, also, the city originally could have closed this property condemned to all traffic (*Matter of Hoyt*, 162 App. Div. 469; affd., 213 N. Y. 651), and perhaps still might do so; but it has opened and dedicated this way to public travel, and the only question is, has that right of user been limited only to those who have crossed the bridge? The record does not indicate any such limitation. While I am not in full accord with certain portions of the findings and judgment, I do agree with the finding that the action of the defendants was arbitrary; and for present purposes, I vote to affirm. Settle order on notice.