99 P.2d 108

MANDELL et ux. v. BOARD OF COM'RS
OF BERNALILLO COUNTY et al.

No. 4499.

Supreme Court of New Mexico.

Jan. 19, 1940.

Rehearing Denied Feb. 26, 1940.

Rodey & Dickason, of Albuquerque, for appellants.

Owen B. Marron and A. H. McLeod, both of Albuquerque, for appellees.

MABRY, Justice.

This cause was instituted and tried in the district court upon grounds seeking two types of relief, viz: (1) review by certiorari of certain proceedings had by defendant Board of County Commissioners

in vacating and closing a street or highway of a platted area within the county but outside the city of Albuquerque, and (2) injunctive relief against the vacation and closing of said road or street as an interference with plaintiffs' private easement of way. Upon hearing on the merits the complaint was dismissed and plaintiffs bring this appeal.

The street or road involved, and for the vacating and closing of which plaintiffs complain, lies between two ordinary city size blocks of land theretofore laid out and platted by plaintiffs as a residential addition, and known as Mandell Addition #2. The abutting property in both the blocks in question and between which the designated and dedicated, and now closed, street or road ran is the sole property of the county school system.

Plaintiffs are the owners of lots and parcels of land in this platted area immediately to the north of the two blocks in question, but not abutting upon the closed street. The closed street or road may be designated as a part of or a continuation of North First street if First street be extended from the northern boundary of the city of Albuquerque, which boundary lies some four blocks south of the closed section in question. This area of some four blocks between the north boundary of the city, and therefore the city terminus of North First street, and the section of the platted Mandell addition outside of the city, area, has no well defined or improved street in line with what would be an extension north on North First street, but there is a slightly used, winding, though quite passable road connecting, along this line, the city proper and this outside Mandell addition area in question.

Practically all the traffic to and from the property of plaintiffs, in the area involved, to the city and to all outside points as well, is over North Second street, extended, which is a highly improved roadway accommodating much general traffic north and south, to and from the city. To this improved highway, plaintiffs and others of the neighborhood have access by several cross and intersecting streets within in the platted area of the Mandell addition.

The closing of the 300 foot section between the two blocks in question, would require that plaintiffs and others in their immediate vicinity to the north reach this main North and South Second street road. of travel by using one of the several other easily accessible and well maintained east and west streets to the north of the blocks through which the closed streets ran, rather than the one just south of said closed section and block.

The trial court's action in dismissing the complaint must be appraised for correctness upon a determination of whether plaintiffs had an easement of right-of-way, or at least one superior to the statutory right of the county to vacate the section of the street or road in question. Then, if not this right, whether upon the ground of their requiring a way of necessity in the use of their property to the

north, or for some other reason, including the one that as a part of the general public, the plaintiffs may properly complain and have a review of the action of the defendant Board in so vacating the street in question without, as plaintiffs allege, complying with the statutory prerequisites.

We consider first the question of whether plaintiffs, having platted the area and having thereby dedicated to public use the section of the street in question together with other streets shown upon their recorded plat, and having built upon and improved the lots in question, or some of them, they have such an interest in the matter of keeping open all such streets and roads that the county, though with statutory authority for so doing, may not, upon a finding that there is no longer a need, vacate and close some part of the street, providing plaintiffs still have fair and reasonable access to their own and neighboring property.

This rule seems to be so general as to be almost universal that one whose property does not abut on the closed section of a street or road ordinarily has no right to complain of the closing or vacation of such street or road, provided he still has reasonable access to the general street or road system. The cases generally hold that there being no injury suffered by the owners of adjoining or near-by property not common to all former users of the street or road, compensation is not allowable; nor is such owner, not of the abutting property owner class, entitled to injunctive or other relief against the proposed closing. An array of authority upon this question and supporting this general proposition has been collected in 49 A.L.R. 330, supplemented by more recent cases collected under a similar note in 93 A.L.R. 639.

A mere inconvenience resulting from the closing of a street when another reasonable though perhaps not equally accessible approach remains, does not give rise to a legal right in one so inconvenienced, and courts do not look with favor upon claims based upon such grounds. Long v. Wilson, 119 Iowa 267, 93 N.W. 282, 60 L.R.A. 720, 97 Am.St.Rep. 315. Proof of some special or peculiar damage to the claimant, though not an abutting owner, under many authorities will support damages. Denver Union Terminal R. Co. v. Glodt, 67 Colo. 115, 186 P. 904; Hill v. Kimball, 269 Ill. 398, 110 N.E. 18; Park City Yacht Club v. Bridgeport, 85 Conn. 366, 82 A. 1035, 35 L.R.A.,N.S., 478. But the damage suffered must be substantially different in kind, and not merely in degree, from that suffered by the public in general. In the case of Parker v. Catholic Bishop, 146 Ill. 158, 34 N.E. 473, this rule, with good reason, was adhered to where the statute under consideration provided for compensation where any property be "damaged" by the vacation. In the case of Buhl v. Fort Street Union Depot Co., 98 Mich. 596, 57 N.W. 829, 23 L.R.A. 392, such injury, where not unlike that suffered by the public at large, was declared to be simply damnum absque in-

juria and not to be regarded as coming within the statute providing for the payment of "all damages" consequent upon the closing of a street. See, also, Knapp Stout & Co. Company v. St. Louis, 156 Mo. 343, 56 S.W. 1102; John K. Cummings Realty & Investment Co. v. Deere & Co., 208 Mo. 66, 106 S.W. 496, 14 L. R.A.,N.S., 822.

The general rule would not apply, according to the weight of authority, where the property is left fronting on a cul-de-sac, which is not, however, the situation presented here. Newark v. Hatt, 79 N.J. L. 548, 77 A. 47, 30 L.R.A.,N.S., 637; Illinois Central R. Co. v. Moriarity, 135 Tenn. 446, 186 S.W. 1053; In re Hoyt, 162 App.Div. 469, 147 N.Y.S. 599.

■ Clearly, if plaintiff could not maintain a suit for damages for the closing of a street or road upon which his property did not abut, and where he has reasonable access to the general system of streets and highways, a fortiori he would have no standing to complain of the action of the county commissioners in the first instance and thereafter of that of the district court upon review, in thus vacating the street or road as "not needed," excepting as any general user of the road would have such right to require substantial compliance with the statute in the endeavor of officials to achieve that result. Under the evidence no special damage could be claimed, and the inconvenience to which plaintiff and others similarly situated would be put may be appraised as the trial court viewed it, as extremely slight and inconsequential.

Now, to examine into the question of the regularity of the vacation proceedings. The statute under which the commissioners acted is known as Sec. 64-704 of the N. M. Comp.St.1929, which reads: "Whenever, in the opinion of the board of county commissioners of any county, any road or part of road then established and maintained as a public highway, is not needed, or the repairs of the same are burdensome and in excess of the benefits therefrom, they may at a regular meeting appoint a board of commissioners of three freeholders of the county as viewers, to view such road or part of road, and make report thereof to the board of county commissioners at their next regular meeting, setting forth fully their finding, and if they recommend a discontinuance of such road or part of road, then the board of county commissioners may order the same vacated."

Counsel urges that commissioners' proceedings to vacate should be quashed for failure of the record of such proceedings to show a compliance with this statute.

We examine the facts presented by the record to determine the answer to this, plaintiffs' second contention.

The statute says that the viewers shall "report" thereon to the Board of Commissioners and set "forth fully their finding" and if the report bears a recommendation for the discontinuance of such road, or part thereof, "then the board of county commissioners may order the same vacated." Defendants, the county commis-

sioners, point out that the record discloses a full compliance with the statute on the part of the viewers' report, as well as on the part of the board in acting upon such viewers' report. The statute does not expressly call for a written report, as is required under some of the statutes and as reflected by some of the authorities relied upon by plaintiff. Nor does it require that there be any evidence taken by the viewers and preserved for the information and guidance of. the county board thereafter called upon to act on such report.

Counsel for plaintiff upon oral argument admits that it could not be said to be a matter of absolute requirement' that testimony be submitted in support of the viewers' report, but that a view actually taken and this followed by a written report, "setting forth fully their finding", would doubtless meet the requirement. We need not and do not decide whether such report to be made to the commissioners and such finding, even though required to be fully set forth, may not be made orally in the absence of statute otherwise requiring. A written report would at least better serve the purpose of preserving for the record what were the findings and recommendations of the viewers. Or, if there be any necessity for so doing, it would perhaps better allow for enlarging upon the one essential finding that the road "is not needed" and making a permanent record thereof.

Defendants contend that not only was there before them when they resolved to vacate this street a reviewers' report "setting forth their finding" and making the recommendation, but that in addition the report was, in fact, in writing.

Doubtless the point over which the counsel for the respective parties disagree is found in their different interpretations of the meaning of the word "fully." Defendants contend the report and finding may be communicated to the board orally and that if in fact it be held that the written report hereinafter referred to is not full enough, we should indulge the presumption that the board of county commissioners did their duty and acted upon their resolution vacating the street only after they had before them a report with recommendation which met the requirement of the statute.

We need not decide whether such finding and recommendation may be made orally. We hold that the written report submitted sufficiently complies with the requirement of law.

The resolution of defendants, commissioners, adopted in initiating the proceedings, declared their belief in the uselessness of the stretch of street in question, named three persons as viewers. and ordered and directed that after viewing they make a report "setting forth fully their finding" and recommendations.

The viewers thereafter filed their written report upon which defendants acted. This report was addressed to the Board of County Commissioners of Bernalillo county; it recited that the undersigned were

freeholders of the county who had theretofore been appointed by the board of County Commissioners to view that portion of the street in question, and then particularly describing by metes and bounds and otherwise the location. The report closed with a recital that in the opinion of the viewers, the portion of the street in question and described, "is not needed as a public highway and that it would be for the best interests of the County of Bernalillo that said portion of North First Street above described be discontinued as a public highway." This report is signed by the three viewers.

If it be conceded, as we understand it is and as we hold in any event, that the law does not require the viewers to take and preserve testimony for the benefit of the county board in passing upon their report, then we come directly to the question of whether the above report so made and filed (omitting consideration of any additional oral report or finding which defendants claim may have been submitted for all the record shows) meets the statutory requirements of being sufficiently "full."

Who is to be the judge of the fullness or completeness of such report? What more could the reviewers have said unless they be required to include therein the evidence upon which the finding and recommendations is based? The commissioners doubtless could have required a fuller report if the one submitted was considered insufficient. It does not appear from the record that they did so require and we cannot say that they should have, unless the board was anxious to have more as a report than the one finding that the road "is not needed" and the recommendation that it be closed. The statutes required no more.

It is pointed out that the county school authorities first called to the attention of the commissioners their need here for a closed street in the interest of safety upon the school playground. A county school building occupies one of the blocks while the playground occupies the other one to the East, and the closed street formerly running north and south separates the two blocks of this property.

Plaintiffs' counsel therefore questions the motive of defendants in the premises. They vigorously urge, and, we might also say, quite persuasively, that but for the fact that the school authorities desired to have the street closed as a safety measure and to more closely unite their two blocks of land, the commissioners would doubtless have taken no action to close the road. This fact cannot however influence the question of whether defendants have acted legally. Though it might have been considered by the trial court in appraising the evidence going to the question of whether the road was in fact needed, the fact that the school board wanted the street closed for another and different reason from the one for which this statutory authority could be found, could not vitiate the act.

One's motive may sometimes be wholly enshrouded in circumvention and yet, if the basis of conduct be sound, those complaining will be silenced. It does not make the act the less legal that the school authorities may have wanted an unneeded street closed for a different reason than that disclosed in the proceedings, if in fact there be authority for closing as defendants did it. The learned trial court correctly applied the rule.

The road could have been closed likewise upon the further ground that "the repairs of the same are burdensome and in excess of the benefits therefrom." Sec. 64-704, supra. This was not the reason given by the viewers and it was not the ground adopted by the commissioners when they approved the report and ordered the road closed.

There is, therefore, no merit in plaintiffs' contention that the report submitted and acted upon was not a substantial compliance with the statute. Upon trial in the district court, ample evidence was adduced to support the court's findings and conclusions (and likewise the finding and conclusion of the quasi-judicial defendant board) that the road is "not needed," and that plaintiffs should be denied the relief sought. Finding no error the judgment of the trial court is affirmed, and, it is so ordered.

BICKLEY, C. J., and BRICE, ZINN, and SADLER, JJ., concur.