## ASTOR v. THWAITES.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. MUNICIPAL CORPORATIONS ⨪657—VACATION OF STREET—EXTINGUISHMENT OF EASEMENTS—STATUTE.

The Street Closing Act (Laws 1895, c. 1006) provides that when a street, etc., has been discontinued, it ceases to be a street for any purpose, and that the owner of the fee within its boundaries may thereupon inclose and occupy it as if it had never been laid out or used, by section 4 provides methods by which the dominant owner whose appurtenant easements have been extinguished may enforce his claim for compensation, and by section 14 provides an alternative method of enforcing the payment of damages for the extinguishment of easements. *Held*, that on the discontinuance of a public road all private easements of way, etc., were extinguished, so that one who acquired title to half of the former bed of the street took free of any such easements, and might erect buildings thereon, notwithstanding a consequent diminution in the value of plaintiff's property in respect to his former easements of way, etc.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 722, 844, 1429, 1496; Dec. Dig. ⨪657.]

2. MANDAMUS ⨪95—VACATION OF STREET—EXTINGUISHMENT OF EASEMENTS—COMPENSATION.

The duty of the corporation counsel under Street Closing Act (Laws 1895, c. 1006) § 4, upon the discontinuance of a street to procure a certified copy of a map showing its discontinuance and to institute condemnation proceedings to determine the compensation to be made to the owners and persons interested in the lands, easements, or interest taken or extinguished by such closing, will be enforced by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 201, 204; Dec. Dig. ⨪95.]

3. CONSTITUTIONAL LAW ⨪281—DUE PROCESS OF LAW—TAKING OF PROPERTY—STREET CLOSING ACT.

The Street Closing Act (Laws 1895, c. 1006), providing by section 4 that on the discontinuance of a street the local authorities shall file a map showing its discontinuance and deliver a certified copy thereof to the corporation counsel, and that, if they fail to do so, on request of parties interested, the corporation counsel shall procure a certified copy thereof

---

⨪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and begin condemnation proceedings to determine the compensation payable to owners, persons whose easements, etc., are extinguished by such discontinuance, and by section 14 providing an alternative method of enforcing payment of such damages for loss of easements, and by other sections a scheme for ascertaining and enforcing the payment of such damages, furnishes an adequate and certain remedy to one whose easements, etc., are extinguished, by the discontinuance of a street.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 880; Dec. Dig. ☜281.]

4. EMINENT DOMAIN ☜74—PAYMENT OF COMPENSATION BEFORE TAKING OF PROPERTY.

Private property cannot be taken for public purposes without just compensation, which need not be always given concurrently with the actual exercise of the right of eminent domain; it is enough if an adequate and certain remedy is provided whereby the owner may compel payment of his damages.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 188–197; Dec. Dig. ☜74.]

Ingraham, P. J., dissenting.

Action by Vincent Astor against William Thwaites. Submission of controversy upon an agreed statement of facts. Judgment ordered for defendant.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

John E. Roeser, of New York City, for plaintiff.

J. J. Kramer, of New York City, for defendant.

SCOTT, J. Plaintiff and defendant own plots of land, opposite to each other, and both fronting upon a strip of land which was an ancient highway known as the "Bear Swamp Road," about 41 feet in width. This road was discontinued as a public road, when a new highway known as the "White Plains Road" was legally laid out and physically opened, and in physical use, which was prior to June 1, 1911. At that date neither plaintiff nor defendant, nor the predecessors in title of either of them, claimed or owned title to the fee of the bed of the Bear Swamp Road, except that defendant owned an undivided one-sixth share in the westerly half thereof, but both claimed and possessed, by virtue of the deeds under which they held, public and private easements over the Bear Swamp Road, which was for many years prior to June, 1911, a public highway in constant use. Since that date it has been wholly discontinued and is no longer used. Plaintiff's property abuts on the old road on the east, defendant's on the west. In 1913, defendant acquired the whole title to the westerly half of the bed of the old road, and he has now erected upon said westerly half, and upon his other property, certain buildings and structures which encroach upon and destroy plaintiff's private easements of light, air, and access over said westerly half of said roadbed, if any such easements still survive the physical opening of the White Plains Road, and the discontinuance as a highway of the Bear Swamp Road. It is agreed that plaintiff's property has suffered a substantial diminution in value in consequence of the erection of said structures and will continue so

to suffer if said structures are permitted to remain. Neither party has received or been awarded any compensation for his easements in and over said old road, and the structures referred to were erected without the consent or approval of plaintiff or any one of his predecessors in interest.

[1] The claim and contention of the parties are thus stated in the agreed case:

"The plaintiff contends that he has a right of way appurtenant to his property, Parcel A, over the whole of said Bear Swamp Road, otherwise known as Old Williamsbridge Road, and known as Parcel C on map, Schedule 1, and that the structures above mentioned, thereon erected by the defendant, interfere with such right or easement.

"The defendant contends that on the opening of White Plains Road (now Bronx Park East) said Bear Swamp Road, Parcel C, pursuant to the provisions of chapter 1006 of the Laws of 1895 of the state of New York, was closed and that all easements therein, including private easements, ceased.

"The controversy hereby submitted for decision is whether or not upon the foregoing facts the plaintiff is entitled to judgment directing the removal of the structures in the bed of said road and enjoining the erection of any structures within the lines of said road shown as Parcel C.

"Or whether the defendant, as owner in fee of the westerly half of said road to the center line thereof, is entitled to use the said westerly half freed of any right of way or easement."

There has been much discussion and some difference of opinion as to the effect upon private easements in a street or road, resting in grant, express or implied, when said street or road has been discontinued, in consequence of the opening of new streets under the provisions of what has come to be known as the Street Closing Act of 1895 (Laws 1895, c. 1006).

The matter now seems to have been set at rest by the very recent opinion of the Court of Appeals in Barber v. Woolf et al., 216 N. Y. 7, 109 N. E. 868. In that case, after remarking that it is extremely important to property owners, to the municipal authorities, and to the legal profession, that the scope and effect of proceedings under chapter 1006 of the Laws of 1895 for the extinguishment of easements should no longer remain uncertain and open to question, the court said:

"We think it was the purpose of the statute to permit the extinguishment of all easements, private as well as public, and this without reference to their origin and whether they depend upon mere contiguity or upon grant, express or implied. There is no logical basis for making any distinction between one class of private easements and another. The closing of streets in order to permit the adoption of a uniform plan of municipal improvement being a public purpose, and an actual closing being necessary to carry out that purpose, it is just as essential that private easements resting in grant shall be extinguished as any others. Unless they could be acquired upon proper compensation being made therefor, the statute would fail of its purpose. We are therefore of the opinion that the private easements affecting the property sold in this case were lawfully extinguished under the provisions of chapter 1006 of the Laws of 1895, independently of any question of estoppel."

It is to be observed that the Court of Appeals, in the opinion above quoted, goes no further than to say that it was the purpose of the statute to permit the extinguishment of private easements. In this regard it does not go to the full extent that the Street Closing Act does, be-

cause that act provides that when a public street, road, or place has been discontinued as provided in the act, whether in the case of an unused highway by the filing of a map, or in case of a used highway by the physical opening of a new street, it shall "cease to be or remain for any purpose whatever a street, avenue, road, highway, lane, alley or thoroughfare, and the owner in fee of the land or soil within the boundaries thereof may thereupon inclose, use and occupy the same as fully as if the same had not been laid out, dedicated, established or used." Clearly this implies an intention on the part of the Legislature that all easements, public and private, are to be extinguished ipso facto by the fact of the legal closing of the discontinued highway, for if any remained the owner of the fee in the bed of the old street, not being the owner of the abutting property on both sides of the highway, could not "inclose, use and occupy the same as fully" as if the old street had never existed. This has always been understood to be the effect of the act as to public easements, and, if we read the opinion of the Court of Appeals aright, there is no logical basis for making any distinction between one class of easements and another, except that for the extinguishment of private easements the owner of the dominant tenement is entitled to compensation.

We do not understand that the plaintiff dissents from the proposition that the purpose and effect of the Street Closing Act of 1895 was to permit the extinguishment of all easements both public and private over the bed of the discontinued street, but his claim is that as to private easements resting on grant, express or implied, the actual extinguishment of the easement does not take place until such easements have actually been condemned or otherwise acquired and paid for. There are expressions in the opinon from which we have quoted which certainly lend color to this contention, but that question was not involved in the case in which the opinion was written. There was no question of compensation in the case because it was one of the established facts that the owner of the dominant tenement had petitioned for and been awarded substantial damages for the injury done to his property by the legal closing and discontinuance of the street upon which it abutted including the extinguishment of his private easements.

[2] The Street Closing Act makes no condition that the private or other easements shall be actually condemned and paid for before they are extinguished for the owner of the bed of the street is permitted at once upon the legal closing of the street, which in some cases is affected by the mere filing of a map showing the street as discontinued, to inclose, use, and occupy the same as fully as if it had been a street. This clearly can mean only an instant extinguishment of all easements upon the legal closing of the street. The Street Closing Act of 1895 provides two methods by which the owner of a dominant tenement whose appurtenant easements have been thus extinguished may enforce a claim for compensation. By section 4 of the act, the local authorities making and filing a map indicating the closing and discontinuance of a highway are required to deliver to the corporation counsel a certified copy of such map, and, if said authorities fail to

do so after being requested by the owner of any land interested or affected by such closing or discontinuance, it is made the duty of the corporation counsel to himself procure such certified copy, and thereupon to institute condemnation proceedings "to ascertain and determine the compensation which should justly be made to the respective owners, lessees, parties and persons respectively entitled unto or interested in the lands, tenements, hereditaments and premises, rights, easements or interests therein taken, affected, extinguished or destroyed by such discontinuance and closing," and the courts will enforce the performance of these duties by the corporation counsel by mandamus. People ex rel. Winthrop v. Delany, 120 App. Div. 801, 105 N. Y. Supp. 746; Id., 192 N. Y. 533, 84 N. E. 1118.

Succeeding sections of the act provide a complete scheme for ascertaining and enforcing the payment of such damages, following in this regard the provisions prescribed in the case of street openings.

An alternative method of ascertaining and enforcing payment of such damages is provided by section 14 of the act under which a property owner injuriously affected by the closing of a highway may intervene in a pending street opening proceeding and thus obtain compensation for the loss of his easements.

Thus we have the decision of the Court of Appeals that the act of 1895 operates, as it clearly was intended to operate, to extinguish all easements, private as well as public, over the bed or the soil of a street closed and discontinued in accordance with the terms of the act, and we have also the clearly expressed intention contained in the act that such extinguishment shall be instant upon the closing and discontinuance. Unless this latter provision of the act is invalid upon constitutional grounds, the defendant was legally justified in erecting the buildings and structures complained of upon the westerly half of the bed of the former Bear Swamp Road of which he has acquired the title in fee, for the plaintiff's easements over said land had been extinguished.

[3, 4] The fundamental doctrine, of course, is that private property may not be taken for public purposes without just compensation, but this need not be given in all cases concurrently in point of time with the actual exercise of the right of eminent domain. It is enough if an adequate and certain remedy be provided whereby the owner of such property may compel payment of his damages. Matter of United States, 96 N. Y. 227, 237; Bloodgood v. M. & H. R. R. Co., 18 Wend. 9, 31 Am. Dec. 313; Lyon v. Jerome, 26 Wend. 485, 37 Am. Dec. 271; People ex rel. Utley v. Hayden, 6 Hill, 359; Rexford v. Knight, 11 N. Y. 308; Sun Pub. Ass'n v. Mayor, 8 App. Div. 230–255, 40 N. Y. Supp. 607.

The provision contained in the act of 1895 for securing a remedy to the property owner whose easements have been extinguished are adequate and certain. Such a property owner has it in his power to compel the proper proceedings to be taken, and the provisions as to the method of ascertaining the compensation to be paid and the enforcement of an award therefor are entirely similar to the provisions of law relative to the closing of streets, which have always been

deemed to furnish an adequate and certain remedy for a person whose property is taken under the power of eminent domain. Sun Pub. Ass'n v. Mayor, supra, at page 237 of 8 App. Div., 40 N. Y. Supp. 607.

It follows from these views that all the easements of plaintiff and his predecessors in title, however derived, were extinguished when Bear Swamp Road was legally closed and discontinued, and that defendant, having acquired title to the westerly half of the former bed of said road, holds the same freed from any easements in favor of the property owned by the plaintiff. Consequently there must be judgment for the defendant as prayed for in the submission, but without costs. Settle order on notice.

McLAUGHLIN, CLARKE, and SMITH, JJ., concur.

INGRAHAM, P. J. I dissent and vote for judgment for plaintiff.