(175 App. Div. 883)

### CROSSIN v. WOOLF et al.

(Supreme Court, Appellate Division, First Department.   October 20, 1916.)

MUNICIPAL CORPORATIONS ☞657(7)—FORECLOSURE OF TAX LIEN—TITLE ACQUIRED.

    The owner of land formerly lying within the bed of a street had no private street easements therein after the street had been legally closed, so that a purchaser at foreclosure of tax lien would not be relieved of his bid on the ground of such alleged easements.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 722, 1429; Dec. Dig. ☞657(7).]

Appeal from Special Term, New York County.

Action by Anna R. Crossin against James A. Woolf, and others impleaded. From an order relieving a respondent purchaser from his bid at a foreclosure sale, the plaintiff appeals. Order reversed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and SMITH, JJ.

Harold Swain, of New York City, for appellant.
Robert E. Samuels, of New York City, for respondents.

SCOTT, J. The action was to foreclose a tax lien, and the respondent, purchaser at the sale, seeks to be relieved from his bid, because, as he claims, a portion of the property purchased, formerly lying with-

in the bed of Sixth avenue or Hawkstone street, is still subject to private street easements, notwithstanding said street has been legally closed.

The case is governed, as we consider, by two recent decisions, one in the Court of Appeals, and the other in this court. Barber v. Woolf, 216 N. Y. 7, 109 N. E. 868; Astor v. Thwaites, 170 App. Div. 624, 156 N. Y. Supp. 730. These cases require a reversal of the order appealed from.

Order appealed from reversed, with $10 costs and disbursements, and motion denied, with $10 costs. Order filed. All concur.