HENRY BRUNETT, Plaintiff, *v.* THE CITY OF ROCHESTER, Defendant.

Supreme Court, Monroe County, January 2, 1925.

Ejectment — land in question was appropriated for canal purposes by State and subsequently transferred to defendant — State acquired fee under Revised Statutes (1 R. S. 226, § 49) though compensation not paid — State had acquired title by adverse possession before transfer to defendant — complaint dismissed.

The State of New York having appropriated the lands in question for canal purposes and having provided by the Revised Statutes (1 R. S. 226, § 49) for the payment of just compensation, acquired a title in fee simple absolute to the land from which the plaintiff seeks to eject the city, and the failure to pay compensation does not reinstate the title in the original owners or their successors as against the defendant who acquired the property from the State.

Furthermore, the plaintiff cannot succeed in this action since it appears that the State had a perfect title to the land in question by adverse possession when it conveyed the land to the defendant.

MOTION by defendant for judgment on the pleadings at trial in an action in ejectment.

*William L. Clay* and *Leo J. Rice,* for the plaintiff..

*Clarence M. Platt* and *George B. Draper,* for the defendant.

THOMPSON, J.:

The State acquired the fee to these lands by force of the statute. The fact that the persons interested in the premises never exhibited to the appraisers a statement of their claims; that no appraisement was made of the damages and nothing was paid by the State for the land taken, does not affect the question. The State having appropriated the land for canal purposes; having recognized the absolute right of the owner to just compensation, and having made provision for the prompt determination and payment of such compensation, it became seized of the title thereto in fee simple absolute. (*Birdsall* v. *Cary,* 66 How. Pr. 358; *Rexford* v. *Knight,* 11 N. Y. 308; *Kahlen* v. *State,* 223 id. 383; *Matter of City of Syracuse,* 224 id. 201, 207.)

At the time this land was appropriated to the use of the canal it became the property of the State, but the fee did not pass, unless or until compensation was made. (Laws of 1817, chap. 262.)

With the adoption of the Revised Statutes (1 R. S. 226, § 49), however, giving the owner a remedy to obtain payment for land taken for canal purposes, but requiring that the right be exercised within the period of a year, the State succeeded to title thereof in fee simple absolute, and this whether the damages were actually paid or not. (*Rexford* v. *Knight, supra.*)

14

" The fundamental doctrine, of course, is that private property may not be taken for public purposes without just compensation, but this need not be given in all cases concurrently in point of time with the actual exercise of the right of eminent domain. It is enough if an adequate and certain remedy be provided whereby the owner of such property may compel payment of his damages." (*Astor* v. *Thwaites*, 170 App. Div. 624, 629.)

The case of *Matter of City of New York* (212 N. Y. 538) has no application here. In discussing the act there considered, the court said: " It takes the property of the citizen without actual notice, and without such provisions for constructive notice as are essential to the maintenance of due process of law. It does not require that owners be notified of the filing of the map by which their rights are to be extinguished." This is not the situation in the case at bar. The physical appropriation of the land here in question, and its occupation for canal purposes was obviously a sufficient notice of the event upon which the owner's right to compensation depended, and the statute providing for compensation for the taking, and its terms, was notice of itself.

But in no event can plaintiff succeed in this action, it appearing that the State had a perfect title to the land in question by adverse possession when it conveyed to the city.

" The statute under which the State acted in appropriating the land under consideration was either constitutional, or it was not. If it was constitutional, as no question is raised as to the regularity of procedure, clearly the fee was acquired. If it was unconstitutional, as the State entered under color of title and claimed to own the fee pursuant to a statute, which declared that the fee simple of all the premises appropriated should be vested in the people, the absolute title was acquired by adverse possession. Title to land may be acquired by adverse possession, either by an individual (*Barnes* v. *Light*, 116 N. Y. 37), or by the State for the use of the public. (*Sherman* v. *Kane*, 86 N. Y. 57; *Mayor, etc.*, v. *Carleton*, 113 N. Y. 292; *State of Rhode Island* v. *State of Massachusetts*, 4 How. [U. S.] 591; *Birdsall* v. *Cary, supra.*) For more than forty years, the State was in the actual possession and occupation of the premises, claiming to own them under its statutes and the acts of its officers pursuant thereto. The original entry, as well as the continued possession thereafter, was under the claim of absolute title, such as the statute purported, in terms, to confer." (*Eldridge* v. *City of Binghamton*, 120 N. Y. 309, 314.)

The complaint is dismissed, with costs.